# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** | **Bankruptcy Case** |
| **NICHOLE R. HERTER,** | **No. 08-41160-JDP** |
| Debtor. | |

_____

| | |
|---|---|
| **R. SAM HOPKINS, Trustee** | |
| Plaintiff, | |
| vs. | **Adv. Proceeding** |
| | **No. 10-8093-JDP** |
| **IDAHO STATE UNIVERSITY** | |
| **CREDIT UNION; NICHOLE R.** | |
| **HERTER and DAVID HERTER,** | |
| Defendants. | |

_____

## MEMORANDUM OF DECISION
## RE DEFENDANTS' MOTION FOR RECONSIDERATION
_____

Appearances:

    Brett Cahoon, RACINE, OLSON, NYE BUDGE & BAILEY, CHARTERED, Pocatello, Idaho, Attorney for Plaintiff.

MEMORANDUM OF DECISION - 1

Jed Manwaring, EVANS KEANE, LLP, Boise, Idaho, Attorney for Defendants Idaho State University Credit Union and David Herter.

## Introduction

On July 27, 2011, Defendants Idaho State University Credit Union and David Herter ("Defendants") filed a "Motion for Reconsideration" ("Motion"), Dkt. No. 38, concerning this Court's June 21, 2011, Memorandum of Decision ("June 21 Memorandum") and its Order Denying Defendants' Motion for Summary Judgment ("June 21 Order"), Dkt. Nos. 36, 37. In the Motion, Defendants argue the Court made "an error in the law" in denying their summary judgment motion. Plaintiff, chapter 7[1] trustee R. Sam Hopkins ("Trustee"), filed an opposition to the Motion on August 15, 2011, Dkt. No. 43, and the Court held a hearing on the Motion on August 30, 2011, after which it took the issues under advisement. Having now considered the record, the arguments of the

---

[1] Unless otherwise indicated, all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. All rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

MEMORANDUM OF DECISION - 2

parties, and applicable law, the Court concludes the Motion should be denied.

## Background

As recited in the Court's June 21 Memorandum, the relevant facts and conclusions of law entered by the Court were:

1. During their marriage, David and Nichole Herter acquired and owned, as community property, a house in Pocatello ("the Property"). June 21 Memorandum at 11–16, Dkt. No. 36.

2. David and Nichole commenced state court divorce proceedings. *Id.* at 3–4. In connection with those proceedings, they agreed the Property "shall be sold and the net proceeds divided 50% to [Nichole] and 50% to [David]." *Id.* at 3.

3. David thereafter filed a chapter bankruptcy 7 case on November 7, 2008. *Id.* at 4. By doing so, both his and Nichole's community property interests in the Property became part of his bankruptcy estate. *Id.* at 16–18.

4. Nichole filed a separate chapter 7 bankruptcy case on November 19, 2008. *Id.* at 4. Trustee was appointed to administer the assets in that

MEMORANDUM OF DECISION - 3

case. *Id.* at 6.

    5. The state court entered a divorce decree, incorporating the parties' agreement concerning the Property, on November 26, 2008. *Id.* at 24. Because of the automatic stay in David's bankruptcy case, while the divorce decree was effective to dissolve David and Nichole's marriage, the Court concluded the decree was ineffective to divide their property. *Id.* at 23.

    6. David's bankruptcy case was closed on February 12, 2009. *Id.* at 4. The Property was not administered in David's case, and consequently, was deemed abandoned pursuant to § 554(c). *Id.* at 22–23.

    7. When David's bankruptcy case was closed, the automatic stay in effect in that case terminated under § 362(c). *Id.* at 23–24. Because the divorce decree did not dispose of the now-former spouses' community property interests in the Property, but instead merely provided that each was entitled to an interest in the net proceeds of the Property if sold, David and Nichole each retained an undivided one-half interest in the Property. *Id.*

MEMORANDUM OF DECISION - 4

8.  Pursuant to § 541(a)(5)(B), Nichole's one-half interest in the Property became property her bankruptcy estate. *Id.* at 25–26. Without authorization by the Court or Bankruptcy Code, Nichole later purported to transfer her interest in the Property to David, who in turn purported to grant a deed of trust on the Property to ISUFCU. *Id.* at 26–27. These are the transfers Trustee seeks to avoid under § 549(a) in this adversary proceeding as unauthorized post-petition transfers of property of Nichole's bankruptcy estate.

**Discussion**

**I.     Standard for Resolving Defendants' Motion.**

Defendants filed a "Motion for Reconsideration." Dkt. No. 38. The Rules, however, do not contemplate a motion to "reconsider." *See Wood v. Loader* (*In re Loader*), 424 B.R. 464, 466 (Bankr. D. Idaho 2009). Where a judgment has been entered, a motion to reconsider will be treated as either a motion to alter or amend the judgment under Rule 9023, or a motion seeking relief from the judgment or order under Rule 9024, depending on whether the timing requirements of Rule 9023 are met. *See id.* (quoting *In*

MEMORANDUM OF DECISION - 5

*re Moore*, 01.4 I.B.C.R. 134, 134 (Bankr. D. Idaho 2001)).  Here, however, no judgment has been entered.  Rather, Defendants ask the Court to reconsider its June 21 Order.  The Court therefore views Defendants' Motion as one seeking relief from the June 21 Order under Rule 9024.[2]

Rule 9024 applies Fed. R. Civ. P. 60 to bankruptcy cases, under which the Court may relieve a party from an order, but only for certain, limited reasons.  *See* FED. R. CIV. P. 60(b).  While Defendants have not specified which cause for relief specified in Fed. R. Civ. P. 60(b) applies here, their motion was for reconsideration "[p]ursuant to the Court's discretion found in 11 U.S.C. § 105 and Fed. R. Civ. P. 60(b) . . . ."  Motion at 1, Dkt. No. 38.  Rule 60(b) is generally viewed as complimentary to bankruptcy courts' § 105(a) discretionary power, as courts of equity, to reconsider and modify their previous orders as long as intervening rights

---

[2] Even if a judgment had been entered in this case, Defendants missed the deadline for filing a timely motion to alter or amend a judgment.  *See* Rule 9023 (incorporating Fed. R. Civ. P. 59(e), which requires motions to alter or amend a judgment to be filed within 28 days of the entry of the judgment).  Again, the Court's only option would be to view their Motion as a Rule 9024 motion for relief from the judgment.  *See In re Loader*, 424 B.R. at 466.

MEMORANDUM OF DECISION - 6

have not vested and there has not been reliance on the order. *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc.* (*In re Int'l Fibercom, Inc.*), 503 F.3d 933, 940 (9th Cir. 2007). Among the Fed. R. Civ. P. 60(b) reasons for which a Court may grant relief from an order is a catch-all, found in Fed. R. Civ. P. 60(b)(6).[3] Errors of law fall within the catch-all, and a bankruptcy court may exercise its discretion to grant relief from a prior order based upon such an error. *In re Int'l Fibercom, Inc.*, 503 F.3d at 940–41.

**II.    Analysis of Defendants' Motion.**

Defendants assert three problems inhabit the analysis in the Court's June 21 Memorandum. Each is discussed in turn below.

1. <u>Does § 554(c) effectively transfer ownership of abandoned property "to the debtor?"</u>

---

[3] Fed. R. Civ. P. 60(b)(6) provides:
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> \*\*\*\*
> (6) any other reason that justifies relief.

MEMORANDUM OF DECISION - 7

Defendants first argue that, as a result of the operation of § 554(c),[4] Nichole was divested of all interest in the Property when it became part of David's bankruptcy estate, and was later abandoned. Defendants note that § 554(c) indicates property is abandoned "to the debtor" when a bankruptcy case is closed. Therefore, they insist, any interest Nichole might have formerly held in the Property did not revert to her when David's bankruptcy case was closed, and, in turn, her bankruptcy estate acquired no interest in the Property. In other words, Defendants read § 554(c) to mean that an abandonment effectively transfers title in property to a debtor when a bankruptcy case is closed, regardless of the property's pre-petition ownership. The Court disagrees with this radical notion.

Simply put, abandonment does not affect title to property. *In re Manchester Heights Assocs., L.P.*, 165 B.R. 42, 44–45 (Bankr. W.D. Mo. 1994);

---

[4] Section 554(c) provides:
> Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

MEMORANDUM OF DECISION - 8

*In re R-B-Co., Inc. of Bossier*, 59 B.R. 43, 45 (Bankr. W.D. La. 1986); *First Carolina Fin. Corp. v. Caron* (*In re Caron*), 50 B.R. 27, 31–32 (Bankr. N.D. Ga. 1984). Rather, in this context, abandonment is merely the "formal relinquishment of the property at issue from the bankruptcy estate," and nothing more. *See Catalano v. Comm'r of Internal Revenue*, 279 F.3d 682, 685 (9th Cir. 2002). A debtor has no greater or additional interest in abandoned property than he or she held at the time the bankruptcy petition was filed. *See Catalano*, 279 F.3d at 685 (explaining that a debtor's interest upon abandonment is that which he had at the filing of his petition); *Morlan v. Univ. Guar. Life Ins. Co.*, 298 F.3d 609, 617 (7th Cir. 2002); *Dewsnup v. Timm* (*In re Dewsnup*), 908 F.2d 588, 591 (10th Cir. 1990); *Newkirk v. Wasden* (*In re Bray*), 288 B.R. 305, 307 (Bankr. S.D. Ga. 2001).

Contrary to Defendants' view that abandonment under § 554(c) effectively transferred ownership of the Property to David free and clear of any interest of Nichole, the abandonment in this case merely relinquished

MEMORANDUM OF DECISION - 9

*possession* of the Property to David.[5] When David's bankruptcy case closed, the Property, remained subject to Nichole's ownership interest.

2. <u>Was the property division portion of David and Nichole's divorce decree void *ab initio*?</u>

Defendants' second contention is that the divorce decree, insofar as it purported to impact David's and Nichole's interests in the Property, was void *ab initio* because of the automatic stay in effect in both David's and Nichole's bankruptcy cases. Upon further review of the law, the Court agrees the provisions of the divorce decree dividing their property was not merely voidable and ineffective during the pendency of David's automatic stay, it was indeed void *ab initio*. *See Griffin v. Wardrobe* (*In re Wardrobe*), 559 F.3d 932, 934 (9th Cir. 2009) (indicating that "judicial proceedings" violating the stay are void); *Schwartz v. United States* (*In re Schwartz*), 954 F.2d 569, 571 (9th Cir. 1992); *In re Eastlick*, 349 B.R. 216, 225–26 (Bankr. D.

---

[5] The legislative history of § 554 reinforces this conclusion. It notes that, under §§ 554(a) and (b), property may be abandoned to any entity with a possessory interest in the property. S. REP. NO. 95-989, at 90 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5878. The Court sees no reason why a different reading (*i.e.,* one other than that abandonment impacts only possession, not ownership, of property) should apply under § 554(c).

MEMORANDUM OF DECISION - 10

Idaho 2004). Even so, the divorce decree was surely effective to dissolve David and Nichole's marriage. *See* § 362(b)(2)(a)(iv) (providing that the automatic stay does not operate to prohibit proceedings to dissolve a marriage, except to the extent the proceeding "seeks to determine the division of property that is property of the estate"). In other words, while the divorce decree dissolved the parties' marriage, it could not effectively dispose of their interests in any community property, including the Property.

Given that they were now divorced, what was the status of the parties' rights in the Property at the time David's bankruptcy case closed? The answer is clear under Idaho law. When, for some reason, a divorce decree does not dispose of spouses' community property, they thereafter hold that property as tenants in common. *See Quinlan v. Pearson*, 225 P.2d 455, 456 (Idaho 1950); *Clark v. Clark*, 868 P.2d 501, 503 (Idaho Ct. App. 1994); *Carr v. Carr*, 779 P.2d 422, 428 (Idaho Ct. App. 1989). Here, because the portion of David and Nichole's divorce decree dividing their community property was a legal nullity, the decree could not dispose of

MEMORANDUM OF DECISION - 11

their community property. When the Property exited David's bankruptcy estate, the couple's interests in the Property could not have been anything but one-half interests as tenants in common. Put another way, Nichole's one-half tenant-in-common ownership interest was a "result of" her and David's divorce decree, and, because she acquired that interest within 180-days of filing her bankruptcy petition, the interest became property of her bankruptcy estate. *See* § 541(a)(5)(B) (providing that a debtor's bankruptcy estate includes any property acquired by the debtor within 180-days of filing her petition, when acquired "as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree.").

3. Did David and Nichole's divorce decree merely give each an interest in future net proceeds?

Defendants' third argument is that, even if David and Nichole's divorce decree was, in whole or part, effective upon the termination of the automatic stay when David's case closed, all that decree gave David and Nichole was an interest in the net proceeds from some future sale of the

MEMORANDUM OF DECISION - 12

Property. However, the Court need not analyze this aspect of Defendants' Motion.[6] As recognized above, the property division provisions of the divorce decree were void *ab initio*.

## Conclusion

This decision clarifies that the property division provisions in David and Nichole's divorce decree were not merely ineffective for the duration of the automatic stay in David's case, they were void *ab initio*. Even so, the fundamental conclusion reached in the June 21 Memorandum, that, when David's bankruptcy case closed, Nichole held a one-half tenant-in-common interest in the Property, remains a valid one.

---

[6] The Court also fully analyzed this contention in the June 21 Memorandum:
> [W]hen fairly construed, the divorce decree in this case did not completely dispose of the parties' community interests in the Property. Recall, it provides: "[The Property] shall be sold and the net proceeds divided 50% to the Wife and 50% to the Husband." Missing from the decree is any indication of who owns the Property between the effective date of the divorce and when it is sold.

June 21 Memorandum at 24, Dkt. No. 36. Because the divorce decree did not dispose of David and Nichole's community property, the Court indicated that, pursuant to Idaho law, they thereafter owned the Property as tenants in common. *Id.*

MEMORANDUM OF DECISION - 13

Case 10-08093-JDP    Doc 47    Filed 09/02/11    Entered 09/02/11 15:42:47    Desc Main
Document      Page 14 of 14

Defendants' Motion will be denied in a separate order.

Dated: September 2, 2011

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 14